UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
ANTHONY DEFALCO and ERIC TRANTEL,

                    Plaintiffs,

          - against -

MTA BUS COMPANY, MTA POLICE
DETECTIVE BRIAN LONGARO, and
FRANCIS BRISTOW,

                    Defendants.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
15-CV-7369 (PKC) (RML)

PAMELA K. CHEN, United States District Judge:

On March 18, 2021, Defendants filed a letter motion seeking a protective order precluding counsel for Plaintiffs from deposing non-party Kristen Basden, a legal assistant employed by defense counsel Hoguet Newman Regal & Kenney, LLP, "who took photographs of the physical scene central to the case but whose testimony," Defendants argue, "is entirely unnecessary." (*See* 3/18/2021 Defs.' Letter, Dkt. 84, at 1.) For the reasons set forth below, the Court denies the request for a protective order precluding the deposition of Ms. Basden.

## BACKGROUND[1]

On February 16, 2021, the Court denied Defendants' renewed motion for summary judgment on Plaintiffs' 42 U.S.C. § 1983 claims alleging false arrest and malicious prosecution. (*See generally* M&O, Dkt. 83.) In reaching this decision, the Court found, *inter alia*, that a "core dispute" centered on "the parties' disagreement over [Defendant] Bristow's vantage point and

---

[1] The Court assumes familiarity with the factual and procedural history of this case, which is set forth in detail in the February 16, 2021 Memorandum & Order denying Defendants' renewed motion for summary judgment and motion to strike. (*See* Memorandum & Order ("M&O"), Dkt. 83, at 1–16.)

1

sightline on December 8, 2012," when he alleges he was looking out of the fuel station office at the MTA Bus JFK Depot ("JFK Depot") onto the engine wash area and observed Plaintiffs stealing batteries. (*Id.* at 4–6, 10–11.) Both parties submitted photographs "purporting to resolve the question of Bristow's vantage point and sightline." (*Id.* at 11.) In support of their renewed motion for summary judgment, Defendants submitted a declaration by Thomas Losito, General Superintendent of Maintenance at the JFK Depot, attaching photographs of the fuel station office and engine wash area that were taken by Ms. Basden on November 22, 2019 (herein "Defendants' Photographs").[2] (*See* Losito Decl., Dkt. 76, ¶¶ 1–3; Dkts. 76-1 to 76-16.) Defendants argued that these photographs provided "indisputable evidence" that whether Defendant Bristow was looking through the large window in the fuel station office or the small window in the metal door of the fuel station office (another factual dispute between the parties (*see* M&O, Dkt. 83, at 10–11)) he would have been able to see a truck parked in the engine wash area and thus the alleged battery theft. (*See* Memorandum of Law in Support of Defendants' Renewed Motion for Summary Judgment ("Defs.' Supp. Br."), Dkt. 78, at 5, 5 n.2.) The Court disagreed that the evidence was indisputable, concluding that based on the record, which included competing photographs submitted by Plaintiffs (*see* Affidavit of Thomas Curtin, Dkt. 60-32 (attaching photographs)), "a reasonable juror could find" that "a wall would have obstructed [Defendant Bristow's] view of what was happening in the engine wash area" (M&O, Dkt. 83, at 39), and therefore, "the questions of Bristow's vantage point and sightline on December 8, 2012, and whether he knowingly provided false information to investigative authorities [about what he observed], are best left to a jury" (*id.* at 39 n.20).

---

[2] Mr. Losito was present when Ms. Basden took the photographs, as were Helene Hechtkopf and Evan Jaffe, counsel for Defendants. (Declaration of Thomas Losito ("Losito Decl."), Dkt. 76, ¶ 3.)

2

Following the Court's February 16, 2021 Memorandum and Order, Plaintiffs informed Defendants that if they intended to introduce Defendants' Photographs at trial, then Plaintiffs wished to depose Mr. Losito and Ms. Basden "limited to the subject of the photographs." (*See* Exhibit A to 3/18/2021 Defs.' Letter, Dkt. 84-1, at ECF[3] 7.) Plaintiffs subsequently withdrew their request to depose Mr. Losito, but maintained their request to depose Ms. Basden via Zoom and within a two-hour limit. (*Id.* at ECF 3.) Defendants denied the request to depose Ms. Basden, offering instead a two-hour deposition of Mr. Losito. (*Id.* at ECF 2.) Plaintiffs responded that if Defendants refused to produce Ms. Basden, then Plaintiffs would move to preclude use of the photographs at trial. (*Id.*) Defendants filed the instant motion asking the Court to issue a protective order preventing the deposition of Ms. Basden, and rule that the use of Defendants' Photographs at trial does not require the testimony of Ms. Basden. (*See* 3/18/2021 Defs.' Letter, Dkt. 84, at 3.)

In support of their requests, Defendants argue that Ms. Basden's testimony is (1) irrelevant because, although she took Defendants' Photographs, she has "no personal knowledge of the area shown in the photographs or even why it is relevant to this case"; (2) unnecessary to admit Defendants' Photographs into evidence because other witnesses, like Mr. Losito, "are personally familiar with the depot, including the view depicted in the photographs" and can testify that they accurately depict what they appear to show; and (3) protected by attorney work-product protection because Ms. Basden took the photographs at the direction of counsel. (*See id.* at 2–3.) Plaintiffs respond that Ms. Basden possesses relevant, non-privileged information that goes to a central dispute in this case—Defendant Bristow's purported vantagepoint and sightline from the fuel

---

[3] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

station office on December 8, 2012. (*See* 3/26/2021 Pls.' Letter, Dkt. 87, at 2–3.) Specifically, Plaintiffs argue that Ms. Basden possesses relevant information about

> how she took [Defendants' Photographs] (what kind of camera did she use?; how did she position the camera?; did she zoom in when she took the photographs?, etc.); whether she altered them after taking them, and if so how; and where the truck was positioned relative to the engine wash and fuel station office when she took the photographs.

(*Id.*) On April 13, 2021, Plaintiffs supplemented their response with reference to a draft of Defendants' portion of the joint pretrial order, which indicates that Defendants intend to offer Defendants' Photographs into evidence in their case-in-chief. (4/13/2021 Pls.' Letter, Dkt. 89; Dkt. 89-1, at ECF 5.)

## DISCUSSION

"The Federal Rules [of Civil Procedure] set very liberal limits on the scope of discovery." *Keebaugh v. Int'l Bus. Machs. Corp.*, No. 18-CV-12126 (CS) (JCM), 2020 WL 774238, at *2 (S.D.N.Y. Feb. 18, 2020) (quoting *Vaigasi v. Solow Mgmt. Corp.*, No. 11-CV-5088 (RMB) (HBP), 2016 WL 616386, at *16 (S.D.N.Y. Feb. 16, 2016)). In general, unless otherwise limited by court order, Federal Rule of Civil Procedure ("Rule") 26(b)(1), provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). As a counterbalance to the broad scope of discovery permitted under Rule 26(b)(1), under Rule 26(c)(1)(A), the Court may "for good cause" forbid certain discovery by issuing "an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1)(A). "[T]he party seeking a protective order has the burden of showing that good cause exists for issuance of that order." *Gambale v. Deutsche*

4

*Bank AG*, 377 F.3d 133, 142 (2d Cir. 2004) (alteration in original) (citation omitted).  In evaluating a request for a protective order, "[t]he Court has broad discretion 'to decide when a protective order is appropriate and what degree of protection is required.'"  *Doe v. Sarah Lawrence Coll.*, No. 19-CV-10028 (PMH) (JCM), 2021 WL 197132, at *2 (S.D.N.Y. Jan. 20, 2021) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)).

To start, Ms. Basden's potential testimony about the circumstances under which she took Defendants' Photographs is relevant to an issue that is central to this case, highly contested by the parties, and must be resolved by the jury at trial.  Defendants concede that they "expect one of the issues in the upcoming trial to be whether it was possible for Defendant Francis Bristow . . . to have seen what he claims he saw" from the fuel station office.  (*See* 3/18/2021 Defs.' Letter, Dkt. 84, at 1.)  In resolving this issue, the jury will likely be asked to consider witness testimony, as well as competing photographs offered by the parties purporting to depict Defendant Bristow's sightline from the fuel station office on December 8, 2012, when he alleges he observed Plaintiffs stealing batteries in the battery wash area.  (*See* M&O, Dkt. 83, at 4–6.)  Defendants presumably intend to introduce Defendants' Photographs in their case-in-chief to demonstrate, as they argued in their renewed motion for summary judgment, that the photographs are "indisputable evidence" of Defendant Bristow's unobstructed view of the alleged battery theft.  (Defs.' Supp. Br., Dkt. 78, at 5 n.2).  Thus, information about how Defendants' Photographs were taken, including, as Plaintiffs suggest, the position of the camera, whether the camera was zoomed in, the position of the truck in the photographs, and whether the photographs were altered (*see* 3/26/2021 Pls.' Letter, Dkt. 87, at 2–3), is highly relevant to evaluating and determining the indisputability of that evidence in accurately depicting Defendant Bristow's sightline.

5

Defendants argue that Ms. Basden's testimony is not relevant because the "process by which [Defendants' Photographs] were created is irrelevant to the question of whether they accurately show what they purport to show" and are admissible. (*See* 3/18/2021 Defs.' Letter, Dkt. 84, at 3.) The Court rejects this framing of the issue. As explained below, while the admissibility of Defendants' Photographs at trial may not require Ms. Basden's testimony, her testimony is nonetheless relevant and therefore discoverable. *See In re Initial Pub. Offering Sec. Litig.*, No. 21-MC-92 (SAS), 2004 WL 60290, at *4 (S.D.N.Y. Jan. 12, 2004) ("Rule 26 requires only a showing of relevance in order to obtain discovery . . . [and] specifically permits discovery of inadmissible information, so long as that information may lead to the discovery of admissible evidence. Thus, admissibility is not a prerequisite to discoverability, and the scope of relevance under Rule 26 is broader than under the Rules of Evidence."); *see also Malinowski v. Wall St. Source, Inc.*, No. 09-CV-9592 (JGK) (JLC), 2011 WL 1226283, at *1 (S.D.N.Y. Mar. 18, 2011) ("[T]he Court's analysis at the discovery phase is not driven by issues of admissibility."). Although Defendants argue that Mr. Losito's testimony should suffice because he "is personally familiar with the locations shown in the photographs and was present when the photographs were taken," Defendants do not indicate that Mr. Losito is able to answer questions about the process by which Defendants' Photographs were taken. (*See* 3/18/2021 Defs.' Letter, Dkt. 84, at 2.) Because Ms. Basden took Defendants' Photographs, she is the best and perhaps only source of such information, further underscoring the relevance and importance of her deposition testimony. Accordingly, the Court rejects Defendants argument that Plaintiffs' insistence on deposing Ms. Basden "smacks of harassment" (*see id.* at 3), because there is a legitimate basis for Plaintiffs' interest in deposing Ms. Basden rather than Mr. Losito.

The Court also rejects Defendants' argument that "nearly any question asked of Ms. Basden" about why or how she took a particular photograph "would be protected be attorney work-product protection" as the photographs were taken "at the direction of counsel." (*See id.*) The work-product doctrine "is intended to preserve a zone of privacy in which a lawyer can prepare and develop legal theories and strategy with an eye toward litigation, free from unnecessary intrusion by his adversaries." *Schaeffler v. United States*, 806 F.3d 34, 43 (2d Cir. 2015) (quoting *United States v. Adlman*, 134 F.3d 1194, 1196 (2d Cir.1998)). This doctrine, which is codified in part in Rule 26(b)(3),

> provides that a party is not entitled to obtain discovery of "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative" unless the party shows substantial need and an inability to obtain the substantial equivalent of the documents without undue hardship.

*Wultz v. Bank of China Ltd.*, 304 F.R.D. 384, 393 (S.D.N.Y. 2015) (quoting Fed. R. Civ. P. 26(b)(3)(A)). In ordering the discovery of such materials, the Court "must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B). When a party seeks work product that shows "mental impressions, conclusions, opinions, or legal theories of an attorney," they must make a "highly persuasive showing of need." *United States v. Doe* (*In re Grand Jury Proc.*), 219 F.3d 175, 190 (2d Cir. 2000) (alteration and citations omitted). The Court finds that although Ms. Basden may have been acting "at the direction of counsel" when taking Defendants' Photographs, testimony of the kind sought by Plaintiffs, *i.e.*, about the camera she used, the position of the camera, the position of the truck, and whether she zoomed in or edited the photographs, does not reveal counsel's "mental impressions, conclusions, opinions, or legal

7

theories."[4]  Moreover, for the reasons already stated, the Court finds that there is a highly persuasive need for this relevant information, which, as Defendants have not disputed, can be provided only by Ms. Basden.

Finally, though it is premature for the Court to rule on the admissibility of Defendants' Photographs, the Court agrees with Defendants that Ms. Basden's testimony is not necessarily required for Defendants to use Defendants' Photographs at trial.  "The standard for admissibility of photographs requires [a] witness to recognize and identify the object depicted and testify that the photograph is a fair representation of what it purports to portray."  *Zerega Ave. Realty Corp. v. Hornbeck Offshore Transp., LLC*, 571 F.3d 206, 214 (2d Cir. 2009) (citing *Kleveland v. United States*, 345 F.2d 134, 137 (2d Cir.1965)); *see* Fed. R. Evid. 901 ("To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is . . . [such as] [t]estimony that an item is what it is claimed to be[.]")  A witness qualifying a photograph need not "be the photographer or see the picture taken," so long as he or she can "recognize and identify the object depicted and testify that the photograph fairly and correctly represents it."[5]  *De La Rosa v. 650 Sixth Ave Trevi LLC*, No. 13-CV-7997 (VEC), 2019 WL 6245408, at *5 n.7 (S.D.N.Y. Nov. 22, 2019) (quoting *Kleveland*, 345 F.2d at 137).  If Defendants seek to introduce Defendants' Photographs into evidence at trial, the Court leaves it to Defendants to determine which witness may be able to offer such testimony.

---

[4] To the extent Plaintiffs' questioning of Ms. Basden veers into the zone of privacy protecting attorney "mental impressions, conclusions, opinions, or legal theories," Defendants may of course register objections on the record during the deposition.

[5] Indeed, even if Defendants present Mr. Losito to testify about whether the photograph depicts what was visible from the location at issue, Plaintiffs may cross-examine him based on what they learn about how the photograph was taken, *e.g.*, whether a zoom feature was used.

In sum, given the relevance of Ms. Basden's testimony to an important and highly contested issue that the jury will have to resolve at trial, as well as the limited scope of Plaintiffs' proposed questioning about how Ms. Basden took Defendants' Photographs, the Court concludes that Defendants have not demonstrated "good cause" to justify precluding the deposition of Ms. Basden.  *See* Fed. R. Civ. P. 26(c)(1)(A).

## CONCLUSION

For the reasons stated herein, Defendants' motion for a protective order preventing the deposition of Ms. Basden is denied.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: April 22, 2021
      Brooklyn, New York